# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Edward Earl Gilbert, Respondent.

Appellate Case No. 2014-002689

---

Opinion No. 27494
Submitted February 3, 2015 – Filed February 11, 2015

---

## PUBLIC REPRIMAND

---

Lesley M. Coggiola, Disciplinary Counsel, and C. Tex Davis, Jr., Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Edward Earl Gilbert, of Frederick C. Hanna & Associates, PC, of Greenville, pro se.

---

**PER CURIAM:**   In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR).  In the Agreement, respondent admits misconduct and consents to the imposition of a confidential admonition or public reprimand.  In addition, respondent agrees to pay the costs incurred in the investigation and prosecution of this matter within thirty (30) days of the imposition of discipline.  He further agrees to submit a repayment plan to the Commission on Lawyer Conduct (the Commission) within thirty (30) days of the imposition of discipline agreeing to pay restitution in the amount of $28,594.00 to Jane Doe.  Finally, respondent agrees to complete the South Carolina Bar's Trust Account School within twelve (12) months of the imposition of discipline.  We accept the Agreement and issue a public reprimand with conditions as stated hereafter.  The facts, as set forth in the Agreement, are as follows.

## Facts

Doe retained respondent to represent her in a bankruptcy matter. Respondent was retained to file a Chapter 11 reorganization. The case was filed in September 2003 and closed in June 2005.

In August 2005, respondent sent a copy of the Final Decree to Doe. In addition, respondent confirmed a discussion between the parties that respondent would continue to represent Doe in a foreclosure suit and an appeal to the United States District Court. In the letter, respondent stated that he knew Doe was unable to make payments at the time and, therefore, respondent agreed to defer billing to a later time.

Respondent contends Doe requested he appeal the Final Decree. Doe maintains that she refused to appeal the case to the United States District Court. There is no written confirmation signed by Doe.

The Final Decree required that an escrow account be established to cover the unpaid, allowed contingent and unliquidated Class 5 Unsecured claims. The balance in respondent's trust account for Doe's case after the payment of all known creditors was $32,434.00.

In June 2008, near the expiration of the statute of limitations, Doe requested the remaining funds in her account. Respondent replied that the funds were used to pay Doe's outstanding legal fees.

Doe sought relief from the South Carolina Resolution of Fee Disputes Board (the Board). Respondent was unable to provide financial records regarding Doe's case to the investigating attorney assigned to the matter by the Board. Respondent indicated the records had been misplaced.

The Board issued a Final Decision ruling that, out of the remaining $32,434.00 in the escrow account, respondent was entitled to $3,840.00 for legal fees after the Final Decree. On November 1, 2010, the Board issued a Certificate of Non-Compliance against respondent for failure to comply with a Final Decision. The Board entered a judgment in favor of Jane Doe against respondent in the amount of $28,594.00.

Doe filed a complaint with ODC. In order to complete its investigation, ODC had to obtain the financial records for Doe's case from financial institutions rather than

from respondent. Respondent acknowledges that it is his responsibility to maintain a complete copy of all financial records pertaining to client matters and to retain them for a period of six (6) years after termination of the representation.

## Law

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.5(a) (lawyer shall not charge or collect unreasonable fee) and Rule 1.15(a) (lawyer shall hold property of client in connection with representation separate from lawyer's own property; lawyer shall maintain complete records of account funds and shall retain the complete records for six (6) years after termination of representation; lawyer shall comply with Rule 417, SCACR). Further, respondent admits he violated provisions of Rule 417, SCACR.

Respondent also admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct) and Rule 7(a)(10) (it shall be ground for discipline for lawyer to willfully fail to comply with a final decision of the Resolution of Fee Disputes Board).

## Conclusion

We find respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement and publicly reprimand respondent for his misconduct. Within thirty (30) days of the date of this opinion, respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission and shall submit a repayment plan agreeing to pay $28,594.00 to Jane Doe. Within twelve (12) months of the date of this opinion, respondent shall complete the South Carolina Bar's Trust Account School and provide certification of completion to the Commission no later than ten (10) days after the conclusion of the course.

**PUBLIC REPRIMAND.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**